van Gestel, J.
The plaintiff and defendant-in-counterclaim, Suni Munshani (“Munshani”), moves, pursuant to Mass. R.A.P. Rule 10(c), for an enlargement of time to docket his appeal. The facts present a situation favoring allowance of the motion. Procedurally, however, this Court finds itself in the awkward position of being asked to rule, in part at least, on the propriety of the actions of the Appeals Court’s Clerk, and in a manner that directly affects the Appeals Court’s busy docket. Rule 10(c), already once modified to cure confusion and conflict between its statement and its Clerk’s practice,[1] seems, however, to dictate that this Court proceed to a decision on the issue raised.

BACKGROUND

In pertinent part, the Superior Court Docket, Munshani’s motion and a little bit of judicial notice reveal the following.
Final judgment in the Superior Court was docketed on June 6, 2002, and notice thereof was sent that day. On June 18,2002, Munshani filed his notice of appeal, well within the time required by Mass. R.A.P. Rule 4.
On September 19, 2002, the Superior Court Civil Clerk’s Office docketed — and presumably mailed — its notice of assembly of the record on appeal. September 19, 2002, was a Thursday. Counsel for Munshani, in his motion, states that he “received said notice on the morning of September 23, 2002.” This seems entirely possible, September 23, 2002, the date of counsel’s receiving the notice, being the Monday following the probable mailing on Thursday, September 19, 2002.[2]
Mass. R.A.R Rule 10(a)(1) mandates that “[w]ithin ten days after receiving from the clerk of the lower court notice of assembly of the record... the appellant shall pay to the clerk of the appellate court the docket fee fixed by law, and the clerk shall thereupon enter the appeal upon the docket.” (Emphasis added.) Here, ten days from September 23, 2002, is Thursday October 3, 2002.
Paragraph 6 of Munshani’s motion reads, in its entirety, as follows;
On October 4, 2002, undersigned counsel attempted to docket the appeal by sending a check for $250.00 to the Clerk of the Appeals Court. The Appeals Court refused to accept the docket fee because it was not received within the ten day time period set forth in Mass. R.A.P. 10(a). In a subsequent conversation with a clerk in the Appeals Court during the afternoon of October 4th, undersigned counsel learned that September 30, 2002 was the date that the Appeals Court was utilizing and that the undersigned counsel’s failure to send in the docket fee on or before September 30, 2002 prevented the appeal from being docketed.

DISCUSSION

This Court begins with the Rule upon which Munshani’s motion is grounded, Mass. R.A.P. Rule 10(c). It reads in pertinent part:
If any appellant in a civil case shall fail to comply with . . . Rule 10(a)(1) . . . the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect; otherwise, the court shall enlarge the appellant’s time for taking the required action. If, prior to the lower court’s hearing such motion for noncompliance with Rule 9(c), the appellant shall have cured the noncompliance, the appellant’s compliance shall be deemed timely.
(Emphasis added.)
*304 There is a lot packed into the two sentences just quoted, particularly when the Rule’s history is considered.
On the issue raised above about what Court should act on these issues, the Rule seems clear that it is “the lower court.” Here that is this Court.
Next, in the absence of a motion to dismiss the appeal, in the lower court, the Rule mandates the enlargement of time. The words are: “otherwise, the court shall enlarge the... time...” There is no motion by the appellee to dismiss the appeal on file in the Superior Court. Thus, is not this Court required to enlarge the time?
About the only thing that gives this Court any pause at this point is the 1994 amendment to the Rule, said • to be designed to avoid misleading language. What was done by the amendment was to leave only timely noncompliance with Rule 9(c) curable automatically, if there is action before action on a motion to dismiss. There is, however, little in the Reporter’s Notes or the case law, see e.g., Aspen Square Management v. Walker, 37 Mass.App.Ct. 970 (1994), that explains why failure to act timely pursuant to Rule 9(c) can be cured without judicial intervention, but noncompliance with Rules 10(a)(1) or (3) cannot. This issue does not stand in the way of this Court’s action in the instance before it.
Before doing so, the Court observes that both the Appeals Court Clerk’s Office and Munshani have focused on an incorrect date. Since it is ten days from the date of receipt of the notice that counsel must act — and this Court reads that as receipt by counsel, not receipt by the Appeals Court Clerk’s Office — then the Clerk was wrong in setting September 20, 2002, as the start of running of the ten-day time limit. Likewise, Munshani’s first attempt at compliance came on October 4, 2002, a day late given his own receipt of the notice on September 23, 2002. The one-day delay, however, shall be enlarged as the Rule mandates.
Further, to the extent that there needs to be an assessment of whether there is a meritorious claim on appeal or that the appellees were not prejudiced by the one-day delay, this Court, who’s judgment and orders are being appealed, so finds. While this Court believes its rulings in the underlying case were correct, in all respects, the decisions were not simple or without great impact on Munshani, taking away, as they did, his claims for many millions of dollars as a sanction for committing a fraud on the court. The one-day delay, on its face, seems without prejudice to the appellees.
This Court will leave it to the Appeals Court and its Clerk’s Office to modify its procedures to comply with the dictates of the Appellate Rules.

ORDER

For the foregoing reasons, this Court ALLOWS the plaintiffs emergency motion to enlarge the time for docketing his appeal in this action to October 18, 2002.

See Reporter’s Notes to Mass. R.A.P. 10(c) (1994).

This Court did not attempt to determine the time of day of mailing from its Clerk’s Office. If, however, the mailing occurred at the end of the day — which seems the most likely possibility — then delivery the next day, even within the city, is by no means a certainty.